Renato ROMERO–FRISBY, AKA Renato Romero Frisby, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 09–73093.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2013.*

Filed Nov. 22, 2013.

Vikram Badrinath, Esquire. Vikram Badrinath, PC, Tucson, AZ, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Michael Christopher Heyse, Trial DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

Renato Romero–Frisby petitions for review of a BIA determination that Romero is removable and ineligible for withholding of removal. We affirm the BIA and dismiss the petition for lack of jurisdiction.

Romero's conviction under Arizona law for attempted possession of methamphetamine with the intent to sell, Ariz.Rev. Stat. §§ 13–1001, 13–3407(A)(2), is a drug trafficking crime and therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). Possession of methamphetamine with the intent to sell is categorically a drug trafficking crime because it is a "felony punishable under the Controlled Substances Act [CSA]." 18 U.S.C. § 924(c)(2); 21 U.S.C. §§ 802(8), 802(11), 841(a)(1), (b)(1)(C). The CSA criminalizes any attempt to violate its prohibitions, 21 U.S.C. § 846, and "Arizona's definition of attempt is coextensive with the federal definition." *United States v. Gomez*, 732 F.3d 971, 984 n. 10 (9th Cir.2013); *see also United States v. Gomez–Hernandez*, 680 F.3d 1171, 1175 (9th Cir.2012); *United States v. Taylor*, 529 F.3d 1232, 1238 (9th Cir.2008). Although these cases arose in the criminal context, "where a statute 'has both criminal and noncriminal applications,' the statute should be consistently interpreted in both criminal and noncriminal, i.e., immigration, applications." *Martinez–Perez v. Gonzales*, 417 F.3d 1022, 1028 n. 3 (9th Cir.2004) (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 11 n. 8, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004)). Because the CSA criminalizes "attempt," 21 U.S.C. § 846, it is irrelevant that the government did not reallege that Romero was removable under 8 U.S.C. § 1101(a)(43)(U).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Romero was convicted of an aggravated felony, we lack jurisdiction to review the agency's order of removal. 8 U.S.C. § 1252(a)(2)(C); *Lopez–Jacuinde v. Holder*, 600 F.3d 1215, 1217 (9th Cir.2010).

**PETITION DISMISSED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.